FILED
01 OCT 22 PM 2:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**United States District Court**
**Northern District of Alabama**
**Southern Division**

| | |
|---|---|
| **Allstate Insurance Company,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-01-N-1666-S |
| **Charles Engle, et al.,** | ] |
| Defendant(s). | ] |

ENTERED
OCT 2 2 2001

**Memorandum of Opinion**

### I.   Introduction.

The court has for consideration the Motion to Dismiss of defendants Lawrence Farley ("Farley") and Yolanda Deloach ("Deloach"), filed August 16, 2001. The issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be **GRANTED**.

Plaintiff Allstate Insurance Company ("Allstate") filed a complaint pursuant to 22 U.S.C. § 2201 and 28 U.S.C. § 1332 seeking a declaratory judgment as to its rights and obligations under an automobile insurance policy issued by it to the niece of the third named defendant Charles Engle ("Engle"). (Doc. # 1). According to the complaint, Engle was involved in a motor vehicle accident in a car driven by him. Occupying a second vehicle involved in the accident were defendants Farley and Deloach. (*Id.*). Collision benefits were paid by Allstate on the vehicle driven by Engle. (*Id.*).

Several events occurred subsequent to the disbursal of benefits. First, Allstate learned that the vehicle driven by Engle at the time of the accident was not actually insured



under its policy of insurance.[1] Second, Allstate learned that, assurances from Engle to the contrary notwithstanding, Farley and Deloach had pursued legal action against Engle and had obtained a default judgment against him in the Circuit Court of Jefferson County, Alabama, in the amount of $149,800. (*Id.*). Not relevant to this action is the fact that Engle has filed a motion to set aside the judgment, but that motion has not of yet been decided. (Doc. # 8).

Allstate seeks a declaratory judgment that coverage under the policy issued by it does not extend to the automobile accident involving Engle, Farley, and Deloach; and, it is neither required to defend Engle against the claims of Farley and Deloach, nor to indemnify him for the default judgment entered against him in state court. Allstate believes such a judgment is warranted, given the fact that the vehicle involved in the accident was not insured under the policy; and Engle failed to notify it of the lawsuit, an obligation imposed upon him under his policy. (*Id.*). Allstate seeks to have the court enjoin all of the defendants from commencing any action (through filing, joinder, or otherwise) to obtain liability coverage benefits on behalf of Engle for the accident discussed *supra*. (*Id.*).

## II.   Standard.

Defendants' base their motion to dismiss upon principles of abstention.[2] (Doc. # 5); *see also Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir.

---

[1] According to the complaint, the vehicle driven by Engle matched the make and model of the vehicle insured under the policy, but the vehicle identification number listed in the policy differed from the one affixed to the automobile involved in the accident. (Doc. # 1).

[2] The defendants' motion is hardly a model of analytical clarity, but the court discerns that they premise their arguments both upon the *Colorado River* abstention doctrine and the discretionary powers possessed by the court pursuant to the Declaratory Judgment Act. The court will discuss both.

1994). Specifically, the defendants invoke the *Colorado River* doctrine as a basis upon which the court should abstain. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-17 (1983); *Transouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998).

> [T]he *Colorado River* doctrine requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. The Supreme Court indicated that these criteria could not be applied according to a rigid formula; no one factor is dispositive. However, a federal court considering abstention must weigh these factors with a heavy bias in favor of exercising jurisdiction, since federal courts have a virtually unflagging obligation to exercise jurisdiction where it exists.

*Transouth*, 149 F.3d at 1294-95 (citations and quotations omitted). This unflagging obligation represents a constitutional understanding that it "was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Colorado River*, 424 U.S. at 813-14 (quoting *Alabama Pub. Serv. Comm'n v. Southern Ry. Co.*, 341 U.S. 341, 361 (1951)(Frankfurter, J., concurring in result)).

However, as the Supreme Court has made fairly plain in *Wilton v. Seven Falls Co.*, the constraints of the *Colorado River* doctrine have no application when the action is one brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-290 (1995); *see also Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942);

3

*FRB v. Thomas*, 220 F.3d 1235, 1246 & n.10 (11th Cir. 2000). Instead, the issue is simply whether the court should exercise the unique and substantial discretion it possesses under the Declaratory Judgment Act to declare the rights and relations of the parties. *See Wilton*, 515 U.S. at 286; *see also Thomas*, 220 F.3d at 1247 (11th Cir. 2000).

### III.     Discussion.

The court must, at the threshold of a declaratory judgment action, determine whether the facts present a justiciable case and controversy. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'"); *see also United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991). Plaintiff argues the question is academic, and proffers purportedly supporting case law. (Doc. # 8; *see also State Farm Fire & Cas. Co. v. Wiggins*, 972 F. Supp. 570 (M.D. Ala. 1997). The court is unconvinced.

"For a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Atlanta Gas Light Co.*, 68 F.3d at 414 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The instant complaint does not allege that defendants Farley or Deloach have sought to collect their judgment against Engle from the plaintiff or to involve themselves with the policy in any way. Moreover, the complaint does not allege defendant

4

Engle has sought compensation or indemnity under the policy for the pending state court action. It does allege that Allstate paid a collision benefit to Engle for vehicular damage suffered as a result of the accident. (Doc. # 1). It does not allege, however, any payment of benefits or like under the policy to Farley or Deloach (or their insurers) for damage to the vehicle in which they were riding. The court thus sees Allstate's declaratory judgment action as being more of a reaction to a pending state court action, fueled by speculation and concern regarding what the parties to that action intend to do next. *See Atlanta Gas Light Co.*, 68 F.3d at 415. Plainly put, plaintiff's action is premature.

The case law supporting plaintiff's arguments compels no different conclusion. For example, in *State Farm Fire and Casualty Co. v. Wiggin*, a plaintiff in a personal injury action received a default judgment against a defendant. Subsequent to the judgment, both parties sought payment by the insurer of the judgment. *See State Farm Fire & Cas. Co.*, 972 F. Supp. at 572. Similarly, the case *Auto-Owners Insurance Co. v. Toole* involved an insurer seeking a declaration of policy rights and relations as to an insured seeking defense and indemnity from the insurer in a pending state court lawsuit. *See Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1560 (M.D. Ala. 1996). In the declaratory judgment action at issue in *Employers Mutual Casualty Company v. Evans*, the insurer opted to defend its insured in a state court lawsuit under a reservation of rights, pending the outcome of the federal case. *See Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1258 (N.D. Ala. 1999).

In each of these cases, the relationship between the insurer and the parties in question had solidified as a result of affirmative action taken by those parties. That is not the

5

case here, at least thus far. While the recorded occurrences may well seem constitutionally immediate and real for purposes of Allstate, as far as Article III is concerned, they fall short of creating a case or controversy, at least insofar as defendants Farley and Deloach are concerned. The claims against them are, therefore, due to be dismissed for want of jurisdiction but without prejudice.

**IV.     Conclusion.**

Consistent with the above discussion, the motion to dismiss of defendants Farley and Deloach is due to be, and is hereby, **GRANTED** and the claims against defendants Farley and Deloach will be dismissed by separate order. For reasons similar to those expressed above, the court also finds Allstate's claim against Engle due to be **DISMISSED**. The court is imbued with discretion in choosing to adjudicate actions pursuant to 28 U.S.C. § 2201, and in light of the questions the court has as to the presence of subject matter jurisdiction in this case, the court believes the proper course here is to dismiss the action without prejudice as to all parties. The court will enter an appropriate order in conformity with this memorandum opinion.

Done, this 22nd of October, 2001.

_____
Edwin Nelson
United States District Judge